UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NAVISTAR, INC.,**<br><br>        Plaintiff,<br><br>        v.<br><br>**U.S. ENVIRONMENTAL PROTECTION AGENCY**,<br><br>        Defendant. | Civil Action No. 11-cv-449 (RLW) |

## MEMORANDUM OPINION

Before the Court is Plaintiff Navistar Inc.'s ("Navistar") Motion for a Preliminary Injunction (Docket No. 17). That motion is now fully briefed and ripe for resolution. Having considered the Motion, Opposition, and Reply, and for the reasons set forth below, Navistar's Motion is denied.

## FACTUAL SUMMARY

Navistar, a manufacturer of heavy-duty diesel engines, has requested several agency records from the Environmental Protection Agency ("EPA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Navistar served the EPA with five FOIA requests, seeking various categories of documents relating to, *inter alia*, the agency's testing and certification of certain SCR-equipped vehicles or engines. (Am. Compl. ¶¶ 12-15). Navistar claims that these agency records are critically important to determine whether certain Model Year 2010 and 2011 heavy-duty diesel engines equipped with urea-based SCR technology are in compliance with the EPA standards. (Am. Compl. ¶ 8). Additionally, Navistar asserts that these

1

records are essential to determine whether the EPA is failing to enforce requirements against SCR engine manufacturers whose engines exceed the new EPA oxides of nitrogen ("NOx") emissions standards.[1]

Navistar's five FOIA requests were served on the EPA on August 19, 2010; August 30, 2010; October 5, 2010; November 24, 2010; and March 23, 2011. (Am. Compl. ¶ 12). Navistar alleges that, with the exception of a set of documents responsive to its August 30 request, the EPA has effectively ignored all five of Navistar's FOIA requests. (Am. Compl. ¶ 16).

Navistar now moves this Court for a preliminary injunction enjoining the EPA from continuing to withhold records responsive to Navistar's FOIA requests and seeks an order directing the EPA to immediately produce non-exempt documents responsive to Navistar's requests.

## ANALYSIS

### A. Standard of Review

As the Supreme Court has held, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis added). On a motion for a preliminary injunction, the court must balance four factors: (1) irreparable harm to the movant, (2) the movant's showing of a substantial likelihood of success on the merits, (3) substantial harm to the nonmovant, and (4) public interest. CFGC v. England, 454 F.3d 290, 297 (D.C. Cir. 2006). The four factors have typically been evaluated on a "sliding scale and must be

---

[1] SCR (Selective Catalytic Reduction) is a urea-based aftertreatment technology used by Navistar's competitors as a means to comply with the NOx regulations. (Allen Aff. ¶ 6). Navistar implements an EGR (Exhaust Gas Recirculation) technology to comply with the standard. (Allen Aff. ¶ 4).

balanced against each other."[2] Davenport v. Int'l Bhd. of Teamsters, 166 F.3d 356, 361 (D.C. Cir. 1999). "Despite this flexibility, though, a movant must demonstrate at least some injury for a preliminary injunction to issue, . . . for the basis of injunctive relief in the federal courts has always been irreparable harm." Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006).

Thus, "[a] movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief." Id. However, even if this Court concludes that Navistar has not demonstrated irreparable injury, the District of Columbia Circuit has instructed that it should set forth its reasoning on all four injunction factors. See Gordon v. Holder, 632 F.3d 722, 725 (D.C. Cir. 2011).

**1. Irreparable Harm**

Navistar argues that it will suffer irreparable harm with each passing day until the EPA produces the requested documents. Specifically, Navistar argues that it stands to suffer irreparable harm because "(1) its competitive advantage is impaired since its competitors are able to disregard the NOx regulations, and (2) it risks losing current and future sales because the public has been deceived into believing that Navistar's competitors are compliant with these

---

[2] It is unclear whether the sliding-scale approach remains viable after the Supreme Court's decision in Winter v. Natural Res. Def. Council, which emphasized that irreparable injury must be likely and not just a "possibility", suggesting that a plaintiff must establish each of the four factors. 129 S.Ct. 365, 375–376 (2008). However, the Court need not decide here whether the "sliding scale" or a more stringent test applies because Navistar's claim for an injunction fails even under the more lenient sliding-scale analysis. See Davis v. Pension Ben. Guar Corp., 571 F.3d 1288, 1292 (D.C. Cir. 2009) (declining to address validity of sliding scale approach because plaintiffs failed even under the more lenient sliding-scale analysis).

regulations." (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Injunction ("Pl.'s P.I. Mem.") at 15-16).

In order to establish that it stands to suffer irreparable injury, Navistar bears the burden of proving that its injury is "both certain and great," and that it is "actual and not theoretical." Wisc. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam). The alleged injury must be "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." Id. (internal quotation and citations omitted) (emphasis in original). "[T]he injury must be beyond remediation" to warrant injunctive relief. Chaplaincy of Full Gospel Churches, 454 F.3d at 297. In order to meet its burden of proving irreparable injury, Navistar "must demonstrate a causal connection between the alleged harm and the actions to be enjoined; a preliminary injunction will not issue unless it will remedy the alleged injuries." Hunter Group, Inc. v. Smith, 164 F.3d 624 (4th Cir. 1998); see Faulkner v. Jones, 10 F.3d 226, 235-36 (4th Cir. 1993) (Hamilton, J., dissenting) ("[A]ny inquiry into the irreparable harm resulting from the denial of interim relief must necessarily begin with an analysis of the degree to which that particular relief remedies the alleged injuries.").

Navistar claims it stands to suffer irreparable harm to its competitive advantage because its competitors are able to avoid the research, development, and production costs associated with ensuring that their products comply with the EPA standards. Navistar also claims that it risks losing sales to competitors because customers are misled about the environmental impact of SCR technology. Navistar's irreparable harm arguments fail for several reasons.

Navistar offers no evidentiary support to corroborate its claims of potential harm other than an affidavit from Jack Allen, President of the North American Truck Group at Navistar Inc.

However, Mr. Allen's affidavit provides no evidence of lost sales or reduced market share, but only makes conclusory assertions that Navistar's risk of harm increases:

> "[f]or everyday EPA continues its preferential treatment of SCR technology, and continues to certify SCR-equipped engines without enforcing its 0.2g Standard for NOx emissions against those engines, the risk increases that Navistar will lose sales, market share and competitive position to manufacturers of urea-based SCR-equipped engines."

(Allen Aff. ¶ 8). The affidavit does not specify how much economic harm Navistar has suffered, or will stand to suffer, if an injunction does not issue. Thus, Navistar has not established that its injury is "both certain and great", or that there is a "clear and present need for equitable relief to prevent irreparable harm." Wisconsin Gas, 758 F.2d at 674.

Furthermore, the economic losses alleged by Navistar do not constitute the type of irreparable economic injury typically found by courts to support the entry of a preliminary injunction. The District of Columbia Circuit has held that "[r]ecoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business." Wisconsin Gas, 758 F.2d at 674. Navistar argues that its economic injury is irreparable because it cannot recover its lost profits at a later date, but offers no specific, non-speculative reason why its lost sales or reduction in market share are irreparable. "[T]o demonstrate irreparable injury, a plaintiff must show that it will suffer harm that is more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff." Toxco, Inc. v. Chu., 724 F. Supp. 2d 16, 31 (D.D.C. 2010). Navistar has not shown that it will suffer serious or great harm if a preliminary injunction does not issue.

Finally, Navistar has not demonstrated that a preliminary injunction will remedy its alleged injuries. At best, an injunction ordering the EPA to disclose the requested documents could only reveal that Navistar's competitors have not complied with the EPA standards; it will not guarantee subsequent compliance. Indeed, Navistar recognizes this fact as well: "[o]nce the EPA discloses the documents requested in Navistar's FOIA Requests, it will become apparent that Navistar's competitors are not compliant with the EPA standards and the CAA." (Pl.'s P.I. at 17). Navistar has not shown how the records it seeks will help it earn more profits or avoid losing sales to its competitors. Because an injunction will not redress its alleged injuries, Navistar's claim that it will suffer irreparable harm in the absence of a preliminary injunction is tenuous at best. See Faulkner, 10 F.3d at 236 ("If the relief requested does little, if anything, to alleviate the alleged injuries, it is difficult to comprehend how the refusal to grant that relief could cause irreparable harm."). Based on the foregoing, this factor weighs heavily in favor of denying the motion for a preliminary injunction.

**2. Likelihood of success on the merits**

"It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits," because "absent a substantial indication of likely success on the merits, there would be no justification for the [C]ourt's intrusion into the ordinary processes of administration and judicial review." Hubbard v. United States, 496 F. Supp. 2d 194, 198 (D.D.C. 2007) (internal quotation and citation omitted). Navistar asks the Court to order the immediate production of non-exempt documents responsive to their requests because the EPA has violated its statutory obligations

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION

under the FOIA. Specifically, Navistar refers to the statutory language of the FOIA that requires each agency, upon receipt of a FOIA request, to:

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request ***whether to comply with such request*** and ... immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

5 U.S.C. § 552(a)(6)(A)(i) (emphasis added). Navistar is unlikely to succeed on the merits of its claim for the following reasons.

"Notification by an agency of whether it will comply with the request is not the same thing as delivering the requested documents." See Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 59 n. 7 (D.C. Cir. 1987) (distinguishing between when the FBI determined whether to comply with the request and when it delivered the documents). Thus, section 552(a)(6)(A)(i) only requires a response to a FOIA request within the 20-day period, not production of the requested documents. However, even if an agency fails to respond within this 20-day window, section 552(a)(6)(C)(i) provides that:

> [a]ny person making a request to any agency for records under paragraph . . . (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

5 U.S.C. § 552(a)(6)(C)(i). Therefore, even if the EPA failed to respond to Navistar's requests by the statutory deadline, it only entitles Navistar to constructive exhaustion of its administrative remedies, not immediate production of the requested documents.

SUMMARY MEMORANDUM AND OPINION; NOT INTENDED FOR PUBLICATION

Navistar requests that the Court order the EPA to immediately produce the requested documents, but provides no grounds to compel production on an expedited basis. Under the FOIA, requests may be expedited upon a showing of a "compelling need," or in such cases recognized by the agency. See 5 U.S.C. § 552(a)(6)(E)(i)(I). The statute goes on to state that a "compelling need" may consist of one or both of the following:

> (1) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or
>
> (2) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

5 U.S.C. § 552(a)(6)(E)(v); see also 40 C.F.R. § 2.104(3) (EPA's regulation for disclosure under the FOIA providing for expedited processing on the same two grounds). The requester bears the burden of demonstrating a compelling need. See 5 U.S.C. § 522(a)(6)(E)(vi).

Navistar did not make a request for expedited processing, nor did it make the make the requisite showing to establish that expedition is appropriate. Indeed, there is nothing in the record here to indicate that there is any compelling need to expedite Navistar's requests. Further, even if Navistar requested expedited processing, and the EPA granted it, the statute only requires that the EPA "process as soon as practicable any request for records to which [they have] granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii). Therefore, under no reasonable reading of the statute is Navistar entitled to the immediate production that it seeks here.

Plaintiff has failed to establish any likelihood of success on the merits. Because Plaintiff has not made a substantial showing of likely success on the merits, there is little "justification for the

court's intrusion into the ordinary process of administration and judicial review." Hubbard, 496 F. Supp. 2d at 198.

### 3. Harm to Defendant and Other Parties

Navistar argues that the balance of the harms tips strongly in its favor because it is not requesting a compressed time frame for production, but merely asking that the EPA comply with the law. Navistar's argument here suffers from the same weaknesses as its arguments on the previous two factors. Navistar has not shown that the EPA has violated the FOIA. Navistar has also failed to show why it is entitled to immediate production of requested documents—a result they could not receive under the provisions of the FOIA. The EPA, however, has asserted that it would suffer significant hardship if it were ordered to make an immediate production, including "forcing a huge amount of sensitive and complex work to be done on a short time line, e.g., staffing and resource challenges, litigation risks from third-party submitters of confidential business information, etc." (Simon Decl. ¶ 46). Therefore, in light of the significant hardship that the EPA would suffer if forced to make an immediate production, and because Navistar has alleged no additional harm if the EPA were allowed to produce the documents in the usual course, the Court finds that this factor weighs against Navistar.

### 4. Public Interest

The public interest would not be served by the Court's entry of a preliminary injunction. First, "it is in the public interest to deny injunctive relief when the relief is not likely deserved under law." Hubbard, 496 F. Supp. 2d at 203; see also Serono Labs., Inc. v. Shalala, 158 F.3d 1313, 1326 (D.C. Cir. 1998) ("The final preliminary injunction factor, the public interest, . . . is

inextricably linked with the merits of the case."). As previously discussed, the likelihood of success on the merits weighs heavily against Navistar.

Second, "[t]he usual role of a preliminary injunction is to preserve the status quo pending the outcome of litigation." Cobell v. Kempthorne, 455 F.3d 301, 314 (D.C. Cir. 2006) (quotation omitted). Here, there is no allegation that the status quo is being threatened because there is no imminent action by the EPA with respect to the documents requested in Navistar's FOIA requests. Indeed, it is the EPA's lack of action that is being complained of here. Thus, this factor also weighs in favor of denying the plaintiff's motion for preliminary injunction.

## CONCLUSION

Navistar's weak showing on all the injunction factors—particularly irreparable harm—requires the Court to deny its motion. For the foregoing reasons, Navistar's Motion for a Preliminary Injunction is denied.

SO ORDERED.[3]

Date: August 25, 2011

        /s/
ROBERT L. WILKINS
United States District Judge

---

[3] An order will be issued contemporaneously with this memorandum opinion denying Navistar's Motion for Preliminary Injunction.